UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Leonard Detrick, | ) | |
| | ) | No. 13 C 3878 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| Home Depot, U.S.A., Inc., and | ) | |
| Lincoln Electric Company, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Leonard Detrick filed a four-count complaint against Defendants Home Depot, U.S.A., Inc. and Lincoln Electric Company in the Circuit Court of Cook County, claiming that defendants are liable for his injuries under theories of product liability and negligence. R. 1-1. Home Depot removed the suit to this Court, asserting that the case falls within the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). R. 1. Detrick opposes Home Depot's removal and moves to remand the case to state court. R. 12. For the following reasons, Detrick's motion to remand is denied. The parties are to meet and confer and prepare an initial joint status report to be filed with the Court two days in advance of the August 1, 2013 status date.

**Background**

Detrick filed his complaint against defendants in the Circuit Court of Cook County on April 17, 2013. Lincoln Electric was served with this complaint on April 24, 2013, and Home Depot was served the following day, April 25, 2013. R. 19-1, 19-

1

2. On May 23, 2013, Lincoln Electric filed its appearance, answer and affirmative defenses in state court. R. 12-2. The following day, on May 24, 2013, Home Depot filed its notice and petition for removal. R. 1. In that notice of removal, counsel for Home Depot indicated that she had spoken with counsel for Lincoln Electric who did not object to removal. R. 1 at 2. No written consent from Lincoln Electric was filed with Home Depot's notice. The case was removed, and on June 7, 2013, Detrick filed his motion to remand, claiming that Home Depot's removal was defective for a number of reasons. R. 12. On June 12, 2013, Lincoln Electric filed a written notice in this Court consenting to Home Depot's notice of removal. R. 15.

## Analysis

"As the party seeking to invoke federal jurisdiction, [Home Depot] bears the burden of demonstrating that removal is proper." *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004).

### I. Lincoln Electric's Untimely Consent

Detrick's remand motion presents two objections to Home Depot's removal of this suit from state court.[1] The first objection centers on the adequacy of Lincoln Electric's consent to the removal. Detrick argues that Home Depot's removal petition was defective because Lincoln Electric, an indispensable defendant, failed to initially file a timely written consent to the removal and that its later-filed

---

[1] It is undisputed that the parties are completely diverse. Detrick is a citizen of the State of Illinois; Home Depot is a corporation incorporated in Delaware with its principal place of business in Georgia; and Lincoln Electric Company is a corporation incorporated in Ohio with its principal place of business in Ohio.

2

written consent was insufficient to cure the initial defect in the removal petition. Detrick also argues that Lincoln Electric waived its right to removal by filing its answer in state court.

Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." A defendant has 30 days from the service of the summons to remove a suit to federal court. 28 U.S.C. § 1446(b). For a suit to be removed, all defendants must consent to the removal in writing. *See Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) ("A petition for removal is deficient if not all defendants join in it."); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) ("To 'join' a motion is to support it in writing.").

While Home Depot stated in its notice of removal that counsel for Home Depot had spoken with counsel for Lincoln Electric and Lincoln Electric did not object to removal, no written indication of consent from a representative of Lincoln Electric was included on the notice of removal. R. 1. Indeed, no separate written statement of consent on behalf of Lincoln Electric was filed in this Court until June 12, 2013.[2] R. 15. Even though untimely, Lincoln Electric's written consent was ultimately sufficient to cure any initial defect in Home Depot's removal petition. *See Video & Sound Serv., Inc. v. AMAG Tech., Inc.*, No. 12 C 7322, 2012 WL 6692165, at *3 (N.D. Ill. Dec. 19, 2012); *Benson v. LVNV Funding, LLC*, No. 11-1096, 2012 WL

---

[2] Detrick asserted in his reply brief that Lincoln Electric had yet to file a statement in support of removal. This is incorrect. Lincoln Electric filed such a statement on June 12, 2013. R. 15.

3

699632, at *2 (S.D. Ill. Mar. 1, 2012); *Ward v. Cohee*, No. 12 C 1256, 2010 WL 4683947, at *2 (C.D. Ill. Nov. 4, 2010); *DeLuca v. Liggett & Myers, Inc.*, No. 00 C 7781, 2001 WL 629398, at *1 (N.D. Ill. May 24, 2001); *see also N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982); *Eltman v. Pioneer Commc'ns of Am., Inc.*, 151 F.R.D. 311, 315-16 (N.D. Ill. 1993).

Relying on other district court cases, Detrick maintains that failure to include an indispensable codefendant's written consent to removal in a removal petition may only be cured by a subsequent timely filing of the written consent. In other words, the written consent of an indispensable defendant, according to Detrick, must be filed within the 30-day period for filing a removal notice. The 30-day time limit for removal imposed by § 1446(b), however, is not jurisdictional. *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011). And while defects in the removal procedure generally require remand, *see id.*, amendments to correct "defective allegations of jurisdiction" are permitted even after the 30 days have elapsed, *N. Ill. Gas*, 676 F.2d at 273. Here, Lincoln Electric orally exhibited its consent to removal in Home Depot's removal notice and shortly thereafter explicitly confirmed its consent to removal in writing. This was sufficient to cure the defect in Home Depot's original notice. Remand here on the procedural grounds asserted would ultimately be "pointlessly formalistic." *Deluca*, 2001 WL 629398, at *1.

Detrick next argues that by filing its appearance and answer in state court, Lincoln Electric waived its right to removal. Not so. A defendant may waive its right to removal but such waiver "must be clear and unequivocal, not implied or

4

inferred." *Concert Health Plan Ins. Co. v. Private Healthcare Servs. & Multiplan, Inc.*, No. 13 C 446, 2013 WL 1154489, at *2 (N.D. Ill. Mar. 19, 2013) (internal quotation marks omitted) (citing cases); *Deluca*, 2001 WL 629398, at *2 ("waiver 'occur[s] only where the parties have fully litigated on the merits'") (quoting *Rothner v. City of Chicago*, 879 F.2d 1402, 1416 (7th Cir. 1989)). Filing its answer in state court did not "evince[ ] an intent by [Lincoln Electric] to have the state court decide the case on the merits." *Ellis v. Coventry Capital I, LLC*, No. 08 C 3083, 2008 WL 4396349, at *4 (N.D. Ill. Sept. 24, 2008). Consequently, the Court declines to find that Lincoln Electric's actions in state court were sufficient to constitute a clear and unequivocal waiver of the right to remove.

## II. Amount-In-Controversy Requirement

Detrick further argues that remand is required because Home Depot has failed to show by a preponderance of the evidence that the amount-in-controversy requirement has been met.[3] In a removal action, the burden rests on the defendant, the proponent of federal jurisdiction, to prove by a preponderance of the evidence that the amount in controversy is sufficient. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). The amount in controversy is evaluated at the time of removal, although events subsequent to removal may clarify what the plaintiff was seeking when the

---

[3] Detrick points out in his remand motion that by failing to provide statements of their good-faith beliefs that the amount in controversy exceeds $75,000, defendants failed to comply with Local Rule 81.2. But that version of the rule setting forth that requirement has since been repealed.

5

case was removed. *Carroll v. Stryker Corp.*, 658 F.3d 675, 680-81 (7th Cir. 2011). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 511 (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). Once the defendant has established the requisite amount in controversy, jurisdiction can be defeated only "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (internal quotation marks omitted); *see also Back Doctors, Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("[T]he estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible.").

Detrick contests that the amount in controversy has been met, maintaining that his claims are for in excess of $50,000 but refusing to stipulate that the damage recovery would be less than $75,000. According to the complaint, Detrick was using a steel wire brush and was injured when he ingested pieces of the wire brush that had fallen into the food he was cooking. R. 1-1. Pointing to Detrick's complaint, Home Depot cites in support of removal: (1) Detrick's allegations of "severe" injuries to his abdomen, which required surgery (a list of special damages totaled $25,807.59, R. 16-7); (2) his allegations that he continues to suffer ongoing pain and injuries, both physical and mental; (3) his inability to attend to his "usual duties and affairs" as a result of his injuries; and (4) future medical care and services that will be required to treat his injuries. Based on the allegations regarding Detrick's past medical expenses, his ongoing physical and mental pain, his potential future

medical expenses, the hindrance to his ability to fully attend to his daily life, and Detrick's affidavit attached to his complaint filed pursuant to Illinois Supreme Court Rule 222 attesting that he seeks damages in excess of $50,000, R 1-1 at 8, the Court finds that Home Depot has established by a preponderance of the evidence that Detrick is seeking damages in excess of $75,000. *See Walton*, 643 F.3d at 998.

Given that Home Depot has satisfied its burden, in order to defeat removal, Detrick must demonstrate that such a recovery by him would be "legally impossible." *Back Doctors*, 637 F.3d at 830. Detrick has failed to meet this high burden. Relevant to this calculus is whether a plaintiff stipulates before removal that he will not demand or accept any recovery in excess of the jurisdictional limit. *See Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). Indeed, "[a] plaintiff can defeat removal of a diversity case by irrevocably committing (before the case is removed) to accepting no more than $75,000 in damages." *Walton*, 643 F.3d at 998. Here, pre-removal, Detrick made no such commitment. And post-removal, at the hearing on Detrick's motion to remand following removal, Detrick refused to stipulate that he would not seek damages in excess of $74,999.[4] Though such a stipulation post-removal would not defeat jurisdiction, a refusal to so stipulate is telling for when a plaintiff fails to make such a stipulation, "the inference arises that he thinks his claim may be worth more." *Id*.

---

[4] Even if Detrick had stipulated post-removal to a maximum damages amount, such a stipulation would not defeat the Court's jurisdiction for "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's [diversity] jurisdiction once it has attached." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938).

7

Accordingly, based on the evidence in the record, Detrick has failed to establish that a $75,000 damage recovery is a legal impossibility.

Because Home Depot has satisfied its burden of demonstrating that damages will exceed $75,000 and Detrick has failed to show that such a recovery would be legally foreclosed, the Court has subject matter over this case pursuant to 28 U.S.C. § 1332, and Home Depot's removal of the case was proper.

**Conclusion**

For the foregoing reasons, Detrick's motion to remand is denied. The parties are instructed to meet and confer and prepare an initial joint status report to be filed with the Court two days in advance of the August 1, 2013 status date.

ENTERED:

Thomas M. Durkin
United States District Judge

Dated: July 23, 2013